# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **JOSEPH TORITTO,** | : | |
| **Plaintiff,** | : | **CIVIL ACTION NO. 3:10-0276** |
| v. | : | **(KOSIK, D.J.)** |
| | | **(MANNION, M.J.)** |
| **DEPARTMENT OF CORRECTIONS,** *et al.*, | : | |
| | : | |
| **Defendants.** | : | |
| | : | |

## REPORT AND RECOMMENDATION

On February 5, 2010, the plaintiff, an inmate at the York County Prison, York, Pennsylvania, filed this civil rights action pursuant to 42 U.S.C. §1983 in which he alleges violations of his constitutional rights. (Doc. No. 1). On February 17, 2010, the plaintiff filed an application to proceed *in forma pauperis*, (Doc. No. 5), and the proper authorization form. (Doc. No. 6).

On April 28, 2010 the court issued an order directing the plaintiff to file an amended complaint. (Doc. No. 10). On May 28, 2010, this court issued a report and recommendation recommending that the action be dismissed for failure of the plaintiff to file that amended complaint. (Doc. No. 12).

On June 3, 2010 the plaintiff filed a letter motion asking for an extension of time to file his amended complaint. (Doc. No. 13). On June 8, 2010 the district judge issued an order allowing the plaintiff until June 30, 2010 to file his amended complaint and remanding the case to the undersigned to allow

the plaintiff that additional time to file his amended complaint. The district judge specifically noted, "plaintiff is advised that failure to comply with this order in a timely manner will result in dismissal of this action." (Doc. No. 14). The plaintiff motioned this court two additional times for an extension of time to file his amended complaint and this court granted each extension; the most recent being August 17, 2010. (Doc. No. 20). In this order the court stated that "If the amended complaint is not received by (10/18/10), it will be recommended that his action be dismissed. No further extension will be granted." To date, the plaintiff has failed to file an amended complaint, and the time for filing one has long since expired.

The plaintiff's failure to file an amended complaint constitutes a failure to prosecute this action and therefore this action is subject to dismissal pursuant to Fed.R.Civ.P. 41(b), which states in pertinent part:

"If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it."

The Third Circuit has long held that Rule 41(b) does not prohibit the *sua sponte* dismissal of actions against a defendant.

> As was said in Link v. Wabash R.R., where the plaintiff argued that F.R.C.P. 41(b) by negative implication prohibits involuntary dismissal except on motion by the defendant, no restriction on the district court's power should be implied: "The authority of a court to dismiss sua sponte for lack of prosecution has generally been considered an 'inherent power,' governed not by rule or statute but by the control necessarily vested in courts to manage their

2

own affairs so as to achieve the orderly and expeditious disposition of cases."

*Kenney v. Cal. Tanker Co.*, 381 F.2d 775, 777 (3d Cir. 1967) (quoting *Link v. Wabash R.R.. Co.*, 370 U.S. 626, 630-31 (1962)).

In the instant action, the court can not properly control its docket, move this action forward and properly protect the rights of all parties if the plaintiff fails to comply with orders issued by this court. Moreover, such conduct should not be condoned in light of the large prisoner dockets presently pending before the federal courts, all of which require prompt and thorough review. Finally, since the plaintiff has failed to file an amended complaint and has made no contact with the court, it justifies dismissal of this action.

On the basis of the foregoing, **IT IS RECOMMENDED THAT** the instant action be **DISMISSED** pursuant to Fed.R.Civ.P. 41(b).

s/ *Malachy E. Mannion*
**MALACHY E. MANNION**
**United States Magistrate Judge**

**Date: November30, 2010**

O:\shared\REPORTS\2010 Reports\10-0276-02.wpd