FILED
SCRANTON
DEC 21 20
PER
DEPUTY CLERK

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

JOSEPH TORITTO,

        Plaintiff

v.

DEPARTMENT OF CORRECTIONS, et al.,

        Defendants.

Civil Action No.: 3:10-CV-276

(Judge Kosik)

## ORDER

AND NOW, this 21st day of December, 2010, IT APPEARING TO THE COURT THAT:

(1) On February 5, 2010, Plaintiff, Joseph Toritto, a state inmate currently housed at the York County prison, filed this pro se civil rights action pursuant to 42 U.S.C. § 1983 against Defendants: Pennsylvania Department of Corrections, the Commonwealth of Pennsylvania, Attorney General (of Pennsylvania), Governor Randell [sic] (of Pennsylvania), Secretary Jeffery Beards (Department of Corrections), Deputy Superintendent Jeffery Ditty (DOC), Superintendent John A. Palakovich (DOC), and Mary Sable (Warden of York County Prison) alleging that Defendants had violated various rights and protections afforded under the United States Constitution.

(2) In his Complaint, Plaintiff alleges that on June 5, 2009, he was sentenced to seven to fourteen years to be served in a state prison, not a county prison. On June 19, 2009, he entered SCI Graterford to start his term. He alleges that on July 6, 2009, he was sent to SCI Camp Hill to be classified; however, at the completion of his classification, he was to be transferred to his home prison to remain until his "minimum date to be looked upon to be considered for parole." (Doc. 1 at 2). However, that did not take place, and he was transferred to a county prison to sit out his term. (Doc. 1 at 3).

(3) Plaintiff further alleges that his placement in the York County prison, and removal from the state prison system, violates his rights as a prisoner, his rights protected under the

Eighth and Fourteenth Amendments of the United States Constitution, and his rights protected by current Supreme Court precedent and the Equal Rights Act. (Doc. 1 at 3).

(4) Plaintiff requests compensation of "no less [than] $600.00 a day from this date November 5, 2009 to the finalization of this suit this is the date when I was transferred hear [sic] to York County Prison to serve out my term." (Doc. 1 at 4).

(5) The case was assigned to Magistrate Judge Malachy E. Mannion.

(6) On April 28, 2010, the Magistrate Judge issued an Order directing Plaintiff to file an amended complaint on or before May 17, 2010 because Plaintiff's Complaint failed to state a claim upon which relief could be granted. (Doc. 10 at 3).

(7) Plaintiff failed to file an amended complaint. Accordingly, on May 28, 2010, the Magistrate Judge issued a Report and Recommendation recommending that Plaintiff's Complaint be dismissed. (Doc. 12).

(8) On June 3, 2010, the court received a letter from Plaintiff stating that he did not receive the Magistrate Judge's Order of April 27, 2010 until May 21, 2010. Plaintiff requested an extension to time to file an amended complaint. (Doc. 13). We granted the request on June 8, 2010, and Plaintiff was given until June 30, 2010 to file an amended complaint. (Doc. 14 at 1).

(9). On June 30, 2010, Plaintiff filed a motion for an extension of time to file an amended complaint. (Doc. 16). The Magistrate Judge granted the request on July 1, 2010, and Plaintiff was given until August 15, 2010 to file an amended complaint. (Doc. 17).

(10) Plaintiff filed a second Motion for Extension of Time to Amend on August 16, 2010. (Doc. 18). The Magistrate Judge granted the request on August 17, 2010, and Plaintiff was given until October 8, 2010 to file an amended complaint. (Doc. 20). Plaintiff was also advised that no further extensions would be granted. (Doc. 20).

(11) Plaintiff failed to file an amended complaint.

(12) On November 30, 2010, the Magistrate Judge issued a Report and

Recommendation recommending that Plaintiff's action be dismissed pursuant to Fed. R. Civ. P. 41(b) due to Plaintiff's failure to prosecute the action.[1] (Doc. 22).

(13) As noted by the Magistrate Judge, "the Third Circuit has long held that Rule 41(b) does not prohibit the sua sponte dismissal of actions against a defendant." (Doc. 22 at 2). "The authority of a court to dismiss sua sponte for lack of prosecution has generally been considered an 'inherent power,' governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." Kenney v. Cal. Tanker Co., 381 F.2d 775, 777 (3d Cir. 1967) (citing Link v. Wabash R.R. Co., 370 U.S. 626, 630-31 (1962)).

AND IT FURTHER APPEARING THAT:

(14) If no objections are filed to a magistrate judge's report and recommendation, the plaintiff is not statutorily entitled to a de novo review of his claim. See 28 U.S.C. § 636(b)(1)(C); Thomas v. Arn, 474 U.S. 140, 150-53 (1985). Nonetheless, the usual practice of the district court is to give "reasoned consideration" to a magistrate judge's report prior to adopting it. See Henderson v. Carlson, 812 F.2d 874, 878 (3d Cir. 1987).

(15) Plaintiff failed to raise any objections to the Magistrate Judge's Report and Recommendation.

(16) We have reviewed the Report and Recommendation of the Magistrate Judge and we agree with his findings. Plaintiff's Complaint fails to state a claim upon which relief could be granted. Further, Plaintiff has failed to amend his Complaint in accordance with the various Orders of the court.

---

[1] Involuntary Dismissal; Effect. If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision (b) and any dismissal not under this rule--except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19--operates as an adjudication on the merits. Fed. R. Civ. P. 41(b).

ACCORDINGLY, IT IS HEREBY ORDERED THAT:

(1) The Report and Recommendation of the Magistrate Judge dated November 30, 2010 (Doc. 22) is ADOPTED;

(2) Plaintiff's Complaint (Doc. 1) is DISMISSED; and

(3) The Clerk of Court is directed to CLOSE this case, and to forward a copy of this Order to the Magistrate Judge.

Edwin M. Kosik
United States District Judge